UNITED STATES DISTRICT COURT
Northern District Court of New York

DEBORAH LAUFER, Individually,           :
                                        :
            Plaintiffs,                  :
                                        :
v.                                       :   Case No. 1:19-cv-1504 (GLS/ML)
                                        :
MILAN HOTELS, LLC, and CHOICE HOTELS    :
INTERNATIONAL, INC.,                     :
                                        :
            Defendants.                  :

**COMPLAINT**
(Injunctive Relief And Damages Demanded)

Plaintiff, DEBORAH LAUFER, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, MILAN HOTELS, LLC, and CHOICE HOTELS INTERNATIONAL, INC. (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to the New York State Human Rights Law, NYS Exec. Law Section 296(2)(a) ("NYSHRL").

1.      Plaintiff is a resident of Alachua County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances

of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating doorknobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer, and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper   clearance.

      2.     Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

      3.     Defendant and MILAN HOTELS, LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as the Econo Lodge Colonie Center Mall and is located at 1630 Central Avenue, Albany, NY 12205 and is located in the County of Albany (hereinafter "Property").

      4.     Defendant and CHOICE HOTELS INTERNATIONAL, INC. owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the

2

ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns

is a place of lodging known as the Econo Lodge Colonie Center Mall and is located at the Property.

5.      Venue is properly located in the Northern District Court of New York because the

Defendants' hotel is located in this district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendants' violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

### Count I - Violation Of The ADA

7.      Plaintiff realleges paragraphs 1-6 as if set forth fully hereunder.

8.      As the owner of the subject place of lodging, Defendants are required to comply

with the ADA.   As such, Defendants are required to ensure that it's place of lodging is in

compliance with the standards applicable to places of public accommodation, as set forth in the

regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code

Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines

("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA.   These

regulations impose requirements pertaining to places of public accommodation, including places

of lodging, to ensure that they are accessible to disabled individuals.

9.      More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following

requirement:

**Reservations made by places of lodging**. A public accommodation that owns, leases (or
leases to), or operates a place of lodging shall, with respect to reservations made by any means,
including by telephone, in-person, or through a third party -
(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities
can make reservations for accessible guest rooms during the same hours and in the same manner
as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

10.     These regulations became effective March 15, 2012.

11.     Defendants, either itself or by and through a third party, implemented, operates, controls and or maintains an online reservations system (hereinafter "ORS") for the Property. The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.   As such, the ORS is subject to the requirements of 28 C.F.R. Section 36.302(e).

12.     Prior to the commencement of this lawsuit, Plaintiff visited the ORS for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendants failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically,

a.      https://www.choicehotels.com/new-york/albany/econo-lodge-hotels/ny340?source=gyxt has no option to book an accessible room. No information was given

4

as to whether or where it offers compliant/accessibility in the hotel as to grab rails, wheelchair access, built in seating, commodes, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The website does not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, parking, and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route.

b.      Findings with third party sites prove not helpful for finding information. There is no information as to whether the property offers compliant/accessible roll-in showers, tubs, built in seating, commodes, wrapped pipes, door hardware, compliant furniture, sufficient moving space and other controls and operating systems. The only third-party site that attempts to site any of these concerns was as follows:

c.      https://www.booking.com/hotel/us/hotel-central-avenue-albany.en-gb.html has no option to book an accessible room. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel.

d.      https://www.expedia.com/Albany-Hotels-Econo-Lodge-Colonie-Center-Mall.h40792.Hotel-Information has no option to book an accessible room. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel.

13.      In the near future, Plaintiff intends to revisit Defendants' ORS in order to test it

for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

14.     Plaintiff is continuously aware that the subject ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she is willing to suffer additional discrimination.

15.     The violations present at Defendants' ORS infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel.   Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' ORS. By continuing to operate the ORS with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.   By encountering the discriminatory conditions at Defendants' ORS, and knowing that it would be a futile gesture to return to the ORS unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public.   By maintaining a ORS with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.   Defendants' online reservations system serves as a gateway to its hotel. Because these online reservation systems discriminate against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

16.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a

6

result of the Defendants' discrimination until the Defendants are compelled to modify its ORS

to comply with the requirements of the ADA and to continually monitor and ensure that the

subject ORS remains in compliance.

17.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination

from the Defendant's non-compliance with the ADA with respect to these ORS.   Plaintiff has

reasonable grounds to believe that she will continue to be subjected to discrimination in violation

of the ADA by the Defendants.

18.     The Defendants have discriminated against the Plaintiff by denying her access to,

and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the subject website.

19.     The Plaintiff and all others similarly situated will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as

requested herein.

20.     Defendants have discriminated against the Plaintiff by denying her access to full

and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302(e).   Furthermore, the Defendants continue to

discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

that no individual with a disability is excluded, denied services, segregated or otherwise treated

7

differently than other individuals because of the absence of auxiliary aids and services.

21.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject ORS

to make them readily accessible and useable to the Plaintiff and all other persons with disabilities

as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the ORS until such time

as the Defendant cures its violations of the ADA.

**Count II - Damages Pursuant to NYSHRL**

23.     Plaintiff realleges paragraphs 1-22 as if set forth fully hereunder.

24.     The NYSHRL provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, super intendant, agent, or employee of any place of public accommodation... because of the... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability...
NYS Exec. Law Section 296(2)(a).

25.     Under NYS Exec. Law Section 296(2)(c), discrimination includes:

(i) a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;
(ii) a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue

burden[.]

26.     Defendants' property is a place of public accommodation as defined by the

NYSHRL.

27.     Defendants have violated the NYSHRL

28.     As a result of Defendants' violation of the NYSHRL, Plaintiff suffered

frustration, humiliation, embarrassment, segregation, exclusion, loss of the equality of

opportunity, and has otherwise been damaged.

29.     Pursuant to NYS Exec. Law Section 297(9), Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the

commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq. and the NYSHRL.

b.      The Court issue a Declaratory Judgment that determines that the Defendants at the

commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

c.      Injunctive relief against the Defendants including an order to revise its ORS to

comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor

and maintain the ORS to ensure that it remains in compliance with said

requirement.

d.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

e.      An award of damages in the amount of $1000.00 or in such amounts as the Court

deems just and proper.

f.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: New York, New York
        December 4, 2019

                                    Respectfully Submitted,
                                        Peter Sverd, Esq.
                                    of Counsel to Thomas B. Bacon, P.A.
                                    225 Broadway, Suite 613
                                    New York, New York 10007
                                    ph. (646) 751-8743
                                    psverd@sverdlawfirm.com


                                    By:    *Peter Sverd*
                                    _____
                                    Peter Sverd, Esq.

10